**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. McGovern, | No. CV-12-672-PHX-GMS |
| Petitioner, | **AMENDED ORDER** |
| vs. | |
| Richard J. Braun, | |
| Respondent. | |

Pending before the Court is Petitioner's Motion to Remand to State Court (Doc. 5). Petitioner also seeks an award of the costs and attorneys' fees incurred in seeking remand. (*Id.* at 8). For the reasons discussed below, Petitioner's motion to remand is granted, and his request for attorneys' fees is denied.

## BACKGROUND

O.R. Braun was the fourth husband of Dorothy G. Braun. O.R. had three children from a prior marriage, namely Richard J. Braun, William D. Braun, and Gregg P. Braun, who is deceased. Richard is the Respondent in this action. Dorothy had one child from a prior marriage, namely Robert N. McGovern. Robert is deceased but is survived by three

children: John R. McGovern, Lisa M. McGovern, and Michael T. McGovern. John is the Petitioner in this action. O.R. and Dorothy had no children common to their marriage.

On April 16, 1987, O.R. created the Braun Revocable Living Trust (the "Braun Trust") to administer his assets. On December 4, 1992, Dorothy created the Dorothy G. Braun Revocable Living Trust ("Dorothy's Trust") to administer her assets.

Dorothy owned real property in Paradise Valley, Arizona, which was her sole and separate property. On October 27, 2000, Dorothy sold this property. In December 2000, Dorothy used $510,922 of the proceeds from the sale of her property to pay the entrance fee to a residential care facility for her and O.R. Under the terms of the contract, upon the death of the survivor of Dorothy and O.R., a portion of the entrance fee was to be refunded (the "Refundable Entrance Fee").

On September 2, 2003, Dorothy died. After Dorothy's death, O.R. amended the Braun Trust via a document entitled the Fifth Amendment. Petitioner interprets the Fifth Amendment as requiring that, upon O.R.'s death, the Trust pay out an amount equal to the value of the Refundable Entrance Fee to Dorothy's Trust and issue.

At some point, O.R.'s son Richard was appointed as O.R.'s attorney-in-fact pursuant to a Special Power of Attorney. On October 27, 2010, Richard signed a Master Trust Agreement Revocable Payment Direction ("Payment Direction") in which Richard's brother William was named as the recipient of the Refundable Entrance Fee. Petitioner contends that the Special Power of Attorney did not grant Richard the power to change O.R.'s estate plan. Petitioner also contends that the Payment Direction does not comply with certain required documentary formalities.

On May 30, 2011 O.R. died. He left a Last Will and Testament naming Richard as Personal Representative. Richard has taken the position that the Braun Trust need not make a distribution pursuant to the Fifth Amendment because the Refundable Entrance Fee was not received by the trust.

Petitioner, meanwhile, contends that the Fifth Amendment requires that the Trustee of the Braun Trust distribute a pecuniary gift to Dorothy's Trust and her issue *equal to* the amount of the refund. Petitioner alternatively contends that Richard violated Arizona's prohibition against an agent acting pursuant to a power of attorney divesting a devisee of a specific gift of property. Petitioner also argues that by diverting the Refundable Entrance Fee to William "in an attempt to defeat the gift under the Braun Trust," Richard breached his fiduciary duty to Dorothy's grandchildren.

On March 6, 2012, John McGovern, as Trustee of Dorothy's Trust, filed the instant Petition for Appointment of Special Administrator and to Compel Distribution from Trust (Doc. 1-2 at 4) in Maricopa County Superior Court. The Petition requests that Richard, as Trustee of the Braun Trust, distribute the value of the Refundable Entrance Fee to Dorothy's Trust and issue, or alternatively that John McGovern be appointed as Special Administrator for the Estate to pursue the Refundable Entrance Fee. The Petition further requests that the Court authorize the Special Administrator to "file any actions he deems necessary against Richard" and that the Court direct Richard to transfer $100,000 to the Estate to be used to pay the costs incurred in such actions.

On March 28, 2012, Respondent Richard Braun removed the action to this court. (Doc. 1). Petitioner John McGovern now moves to remand the action to state court. (Doc. 5).

## DISCUSSION

### I.    Legal Standard

"Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

### II.    Analysis

Petitioner contends that this action is subject to the "probate exception" and that the Court accordingly lacks federal subject matter jurisdiction. In *Marshall v. Marshall*, the Supreme Court recognized a "probate exception" to otherwise proper federal jurisdiction. 47 U.S. 293, 308 (2006). This exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Id.* at 311.

The exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.

In *Marshall*, a widow had filed a counterclaim against her stepson in bankruptcy court for tortious interference, claiming that the stepson had interfered with a gift she had expected to receive from her late husband in the form of a "catchall" trust. 547 U.S. at 293. The Court determined that the widow's tortious interference claim "d[id] not involve the administration of an estate, the probate of a will, or any other purely probate matter," and therefore that a federal court could exercise diversity jurisdiction over her claim. *Id.* at 312.

Respondent contends that, in the instant action, Petitioner's allegation that he acted contrary to his fiduciary duty is analogous to the tortious interference claim in *Marshall*. The Court disagrees. To be sure, Petitioner states as part of the factual allegations in his Complaint that Respondent's diversion of the Refundable Entrance Fee was "a breach of fiduciary duty." Unlike the widow in *Marshall*, however, Petitioner has not brought an actual breach of fiduciary duty claim, or any other tort claims, against Respondent. (*See* Doc. 1-2 at 4–19). Rather, the Petition seeks to instigate probate proceedings to determine who should administer O.R.'s Estate, what property is in the Estate, and to whom the Estate should distribute that property. (*See id.*). Such determinations primarily concern "the administration of a decedent's estate." *Marshall*, 547 U.S. at 312.  It appears that Petitioner *could* have pled this action as a tort action, which may have placed it outside the purview of the administration of O.R.'s Estate—and therefore outside the probate exception. Plaintiff, however, is the "master" of his

complaint, and he has elected to pursue remedies that are inseparable from the administration of the Estate. *See Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik,* 510 F.3d 77, 93 (1st Cir. 2007) ("For jurisdictional purposes, the plaintiff normally is the 'master' of his complaint.").

For instance, one of the primary remedies sought by Petitioner is the appointment of a special administrator for the Estate. (*See* Doc. 1-2 at 17). The appointment of a special administrator can only be ordered by the state court. *See State Farm Life Ins. Co. v. Cai*, 2010 WL 4628228, at *4 (N.D. Cal. Nov. 4, 2010) ("[T]o the extent that [the defendant] requests removal of the Special Administrator or otherwise asks this Court to take over administration of estate assets, the Court lacks subject matter jurisdiction under the probate exception to federal jurisdiction."); *Wilson v. Sundstrand Corp.*, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) ("A federal court lacks the authority to appoint a special administrator. If plaintiffs want a court in this country to appoint them as special administrators, they must go to state court.") (internal citation omitted). Allowing the action to remain in this Court would extinguish that remedy.

Petitioner requests an award of the costs and attorneys' fees incurred in seeking remand pursuant to 28 U.S.C. § 1447(c). Section 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (U.S. 2005). In this case, Respondent had an objectively reasonable basis

for seeking removal. Petitioner's request for attorney's fees is therefore denied.

**CONCLUSION**

This is a case about who should be appointed to administer an estate, what property is in the estate, and to whom the estate should distribute that property. The case is therefore subject to the "probate exception" and the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Petitioner's Motion to Remand to State Court (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** the present action back to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Petitioner's request for attorney's fees is **DENIED.**

DATED this 29th day of May, 2012.

G. Murray Snow
United States District Judge

- 7 -